JOHNNY E. BREWER v. CABARRUS PLASTICS, INC.

No. 560A01

(Filed 2 May 2003)

**Civil Rights; Employer and Employee— racial discrimination— retaliatory discharge—instructions**

The decision of the Court of Appeals holding that there was reversible error in the trial court's instructions in an action in which plaintiff alleged that defendant employer discriminated against him on the basis of race and as retaliation for filing a complaint with the EEOC is reversed for the reasons stated in the dissenting opinion that the trial court's instructions using the phrases "on account of" and "because of" when stating the law to be applied in a pretext case did not constitute reversible error.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 146 N.C. App. 82, 551 S.E.2d 902 (2001), reversing a judgment entered 18 May 1999 and an order denying a motion for a new trial signed 17 July 1999 by Judge W. Erwin Spainhour in Superior Court, Cabarrus County,[1] and remanding for a new trial. On 19 December 2001, the Supreme Court granted defendant's discretionary review of an additional issue. Heard in the Supreme Court 8 April 2003.

*Julie H. Fosbinder; and Ferguson, Stein, Chambers, Wallas, Adkins, Gresham & Sumter, P.A., by John W. Gresham, for plaintiff-appellee.*

*Robinson, Bradshaw & Hinson, P.A., by Richard A. Vinroot and James H. Bingham, Jr., for defendant-appellant.*

*The American Civil Liberties Union of North Carolina Legal Foundation, by Seth H. Jaffe, amicus curiae.*

PER CURIAM.

For the reasons stated in the dissenting opinion, we reverse that portion of the decision of the Court of Appeals; we also conclude that

our order allowing defendant's petition for discretionary review of an additional issue was improvidently allowed.

The result in the Court of Appeals did not require it to reach other issues properly preserved and raised on appeal. Because we now reverse the Court of Appeals' decision as to the only issue it addressed, on remand, that court should also consider plaintiff's remaining issues.

REVERSED IN PART; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART.